In re Ricky Lee **JOHNSON,** Cynthia Elaine Johnson, Debtors.

Ricky Lee Johnson, Plaintiff,

v.

The Medical Center at Bowling Green, et al., Defendants.

Bankruptcy No. 00–11418(1)(7). Adversary No. 00–1069.

United States Bankruptcy Court, W.D. Kentucky.

May 22, 2001.

Kelly Thompson, Jr., Bowling Green, KY, for Debtors.

Jerry Burns, Bowling Green, KY, trustee.

### MEMORANDUM–OPINION

JOAN LLOYD COOPER, Bankruptcy Judge.

This matter came before the Court on the Motion for Summary Judgment of Plaintiff/Debtor Ricky Lee Johnson ("the Debtor") and the Cross Motion for Summary Judgment of Defendants The Medical Center at Bowling Green, Bowling Green Associated Pathologists, Bowling Green Radiology Associates, Emergency Room Physicians and Urgentcare, Inc. ("the Defendants"). The Court reviewed the submissions of the parties and for the following reasons **OVERRULES** Plaintiff's Motion for Summary Judgment and **SUSTAINS** the Defendants' Motion for Summary Judgment.

### FACTS

On April 19, 2000, a default judgment was entered against the Debtor.

On May 8, 2000, a Order of Wage Garnishment was issued against the Debtor's wages.

On May 14, 2000 through June 18, 2000, $621.61 was garnished from the Debtor's wages. No wages were garnished from the Debtor's pay during the 90–day period prior to the Debtor filing his Voluntary Petition in bankruptcy. The wages garnished from the Debtor's pay were withheld during the 180–day period prior to the bankruptcy filing.

### LEGAL ANALYSIS

The Debtor requests the Court to enter summary judgment in his favor pursuant to KRS 378.060 and KRS 378.070 and order that all wages garnished during the 180–days prior to the bankruptcy filing be declared preferential transfers. The Debtor chose not to proceed under 11 U.S.C. § 547(b) since no wages were garnished during the 90–day period prior to the bankruptcy filing.

Kentucky's law on preferences provides as follows:

Any sale, mortgage or assignment made by a debtor and any judgment suffered by a defendant, or any act or device done or resorted to by a debtor, in contemplation of an insolvency and with the design to prefer one or more creditors

to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property of the debtor, and shall inure to the benefit of all his creditors, . . . in proportion to the amount of their respective demands including those which are future and contingent. . . .

KRS 378.060. Under this statute, the transfer may be set aside as a preference if two conditions are met: (1) the conveyance was made in "contemplation of insolvency" and (2) "with the design to prefer one or more creditors to the exclusion, in whole or in part, of others." Debtor relies on the Sixth Circuit case, *In re Rexplore Drilling, Inc.*, 971 F.2d 1219 (6th Cir. 1992), contending the case makes it clear that he need not prove intent in order to establish a violation of KRS 378.060.

■ Kentucky law presumes the elements of the preference statute have been met where it is demonstrated that the debtor made the conveyance or transfer while insolvent. *In re Damron Const. Co., Inc.*, 218 B.R. 371 (Bankr.W.D.Ky.1997), citing *Rexplore*, 971 F.2d at 1223. If it can be shown that the transfer was made while the debtor was insolvent, *Rexplore* states that a presumption arises that the transfer was preferential, *i.e.*, that (1) it was made in contemplation of insolvency and (2) it was made with the design to prefer one creditor over another. *Rexplore*, 971 F.2d at 1223. However, this does not end the analysis. Once this presumption arises, the burden then shifts to the defendant to rebut one of these two prongs of the analysis. *In re Damron*, 218 B.R. at 375; *Rexplore*, 971 F.2d at 1223.

■ In this case, there appears to be no dispute that the transfers were made at a time when the Debtor was insolvent. However, the Court finds that the Defendants effectively rebutted the Debtor's claim that the transfer was made with the design to prefer one creditor over another. In *Rexplore*, the garnishment resulted from an agreed judgment. Here, the garnishment resulted from a default judgment. Thus, the transfer was not a voluntary one and this is clear evidence that the transfer was not made by the Debtor with the design to prefer one creditor over another. The transfer was involuntary and could not have been made by the Debtor to prefer one creditor over another. For this reason, summary judgment in favor of the Debtor is inappropriate.

Since the Debtor failed to prove that the wages garnished were preferential transfers under the Kentucky statute, Debtor's claim fails as a matter of law. No funds were garnished during the 90-day period prior to the bankruptcy filing so Debtor has no claim under 11 U.S.C. § 547. Accordingly, summary judgment on Defendants' behalf is appropriate.

### *CONCLUSION*

For the above reasons the Court finds that Debtor is not entitled to judgment on his claim as a matter of law and Debtor's Motion for Summary Judgment is **OVERRULED**. Defendants' Motion for Summary Judgment is **SUSTAINED**. An Order incorporating the findings herein and dismissing Debtor's Complaint accompanies this Memorandum–Opinion.